UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAMIEN DWAYNE OLIVE, | No. C 16-02773 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| CHRISTIAN PFEIFFER, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file a response to the petition on or before October 17, 2016, unless an extension is granted.

## BACKGROUND

According to the petition, in 2013, a San Francisco County Superior Court jury convicted petitioner of first degree burglary. He was sentenced to nine years in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges (1) there was insufficient evidence to support his conviction for burglary; and (2) evidence used at trial had been seized in violation of the Fourth Amendment.  When liberally construed, Claim 1 is cognizable on federal habeas review.

Claim 2 is not, however, and is DISMISSED.  Fourth Amendment claims are barred from federal habeas review unless the state did not provide an opportunity for full and fair litigation of those claims. *Stone v. Powell*, 428 U.S. 465, 481–82, 494 (1976).  The existence of a state procedure allowing an opportunity for a full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law).  California's state procedure provides an opportunity for full litigation of Fourth Amendment claims. *See id.*; Cal. Pen. Code § 1538.5.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **sixty (60)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

    3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

    4.  In lieu of an answer, respondent may file, within **sixty (60)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

    5.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    8.  Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

    9.  The Clerk shall terminate Docket No. 2.

**IT IS SO ORDERED**.

DATED: August_4_, 2016

                                      RICHARD SEEBORG
                                      United States District Judge