UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAMIEN DWAYNE OLIVE,

Petitioner,

v.

CHRISTIAN PFEIFFER,

Respondent.

Case No. 16-cv-02773-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner seeks federal habeas corpus relief from his state convictions. Respondent moves to dismiss the petition as procedurally defaulted. (Dkt. No. 19.) For the reasons stated herein, respondent's motion is GRANTED and the petition is DISMISSED.

## BACKGROUND

In 2013, a San Francisco County Superior Court jury convicted petitioner of first degree burglary. The trial court found true sentencing enhancement allegations. Based on the verdict and findings, petitioner was sentenced to nine years in state prison. He appealed. His appellate attorney filed a *Wende* brief in which he declared that there were no appealable issues.[1] In 2014, the state appellate court agreed and affirmed the trial court

---

[1] *People v. Wende*, 25 Cal. 3d 436 (1979).

United States District Court
Northern District of California

judgment. Petitioner did not file a petition for direct review in the state supreme court.

In 2015, petitioner filed a habeas petition in the state supreme court. He raised two claims: the trial evidence was not sufficient to support the verdict; and some evidence was obtained in violation of the Fourth Amendment. This petition was denied in 2016. The state supreme court's entire opinion reads as follows: "The petition is denied. (*See In re Lessard* (1965) 62 Cal. 2d 497, 503; *In re Dixon* (1953) 41 Cal. 2d 756, 759; *In re Lindley* (1947) 29 Cal. 2d 709, 723.)" (Respondent's Renewed Mot. to Dismiss ("MTD"), Ex. D, Dkt. No. 23 at 1.)

This federal petition followed the state supreme court's denial. As grounds for federal habeas relief, petitioner claims there was insufficient evidence to support his conviction for burglary.[2]

## DISCUSSION

Respondent contends that petitioner's claim is procedurally defaulted. The Court agrees and also concludes that his claim is meritless.

### I. Procedural Default Principles

Federal habeas relief is barred if a state denied claims because a petitioner failed to comply with the state's requirements for presenting claims. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The state's grounds for denying the claim "must be independent of the federal question and adequate to support the judgment." *Id.* at 729. A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

---

[2] Petitioner also raised a Fourth Amendment claim in his federal habeas petition. The Court dismissed this claim as not cognizable, citing *Stone v. Powell*, 428 U.S. 465, 481-482, 494 (1976) and *Gordon v. Duran*, 895 F.2d 610, 613-614 (9th Cir. 1990).

The state carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). If the state meets this requirement, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the state bar rests with the state, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

To overcome a claim of procedural default, petitioner must establish either (1) cause for the default, and prejudice, or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). To show cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). To show prejudice, a petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

To show a "fundamental miscarriage of justice," a petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "Actual innocence" is established when, in light of all the

ORDER OF DISMISSAL
CASE NO. 16-cv-02773-RS
3

evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. A petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

### A. Analysis

Respondent has adequately pleaded grounds for procedural default. The state supreme court cited three cases in its denial of the state habeas petition, two of which (*Lindley* and *Dixon*) are significant here, as respondent makes clear in his motion to dismiss. *Lindley* stands for the proposition that the state supreme court will not consider on habeas review the merits of sufficiency of the evidence claims. *Lindley*, 29 Cal. 2d at 723. Such claims must be raised on direct review. *Id.* The *Lindley* bar has been upheld by the Ninth Circuit as both an adequate and independent state ground for the denial of habeas corpus relief. *Carter v. Giurbino*, 385 F.3d 1194, 1197-1198 (9th Cir. 2004).

*Dixon* bars from state habeas review those claims that could have been raised on direct appeal. *Dixon*, 41 Cal. 2d at 759. The Supreme Court has held that California's rule barring claims that could have been raised on direct appeal, as announced in *Dixon*, is an adequate and independent state ground for the denial of habeas relief. *Johnson v. Lee*, 136 S. Ct. 1802, 1806 (2016). Because the state has adequately pleaded grounds for procedural default, it is now petitioner's turn to place this defense "at issue" by asserting specific factual allegations that demonstrate the inadequacy of the state procedure.

Petitioner offers three objections to respondent's procedural default defense: (1) the state court's use of *Lindley* and *Dixon* is inapposite because his *Wende* appellate brief put "all matters at issue," including his evidence insufficiency claim (Response to Prior MTD, Dkt. No. 10 at 1); (2) the "California [c]ourts do not consistently use procedural bar[s] against habeas corpus," (Opp. to MTD, Dkt. No. 20 at 3); and (3) a change in state law

provides an exception to the *Dixon* bar (*id.* at 3).

The first argument cannot succeed. Whether the *Lindley* and *Dixon* bars were correctly applied by the state court is a question of state, not federal, law. A state court's interpretation of state law binds this federal habeas court, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), even if state law were erroneously interpreted or applied, *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Also, a *Wende* brief does not put "all matters at issue." Rather, it does the opposite. It declares that there are no matters at issue.

Petitioner's contention that California courts are not consistent fares no better. His argument is conclusory and is not sufficient to "demonstrat[e] subsequent inconsistent application" of *Lindley* and *Dixon*.[3]

Petitioner's third objection is that a change in state law creates an exception to *Dixon*. He cites the state supreme court's 2015 decision in *People v. Banks*, 61 Cal. 4th 788 (Cal. 2015) as support for this.[4]

This assertion is not persuasive. The state supreme court imposed the *Dixon* bar against petitioner in 2016, that is after *Banks*, which was issued in 2015. Even if *Banks* provides an exception to *Dixon*, the state supreme court apparently decided that petitioner was not entitled to that exception.

Respondent, then, has successfully shown that petitioner's claims are procedurally defaulted. Petitioner can overcome default now only by showing cause and prejudice, or that a failure to review his claims on the merits would be a fundamental miscarriage of

---

[3] Petitioner does cite a Ninth Circuit case from 2002 and a Supreme Court case from 1995 to support his contention. (Opp., Dkt. No. 20 at 3.) Such citations are unavailing, however. Because these opinions were issued before the cases that upheld the *Lindley* and *Dixon* bars (*Carter*, 2004; *Lee*, 2016), they cannot show subsequent inconsistent application. Petitioner also cites a Central District case from 2005. This citation is also unavailing. Because it is a district court opinion, it is not binding on this Court. Also, the citation petitioner provides does not match the name of the case he gives.

[4] In *Banks*, the state supreme court discussed under what circumstances an accomplice can qualify as a major participant in criminal activity.

ORDER OF DISMISSAL
CASE NO. 16-cv-02773-RS
5

justice. To this end, petitioner claims that appellate counsel's ineffectiveness in failing to raise an insufficiency of evidence claim constitutes cause to excuse procedural default. (Opp. to MTD, Dkt. No. 20 at 1.)

Because there was sufficient evidence to support his conviction, petitioner cannot show that appellate counsel was ineffective in failing to raise an insufficiency claim. Petitioner was convicted of the first degree burglary of his mother's house. (First MTD, Dkt. No. 9-1 (State Appellate Opinion) at 4.) A person commits first degree burglary in California when he enters an inhabited dwelling with the intent to commit grand or petit larceny, or any felony. Cal. Penal Code §§ 459, 460. At trial, petitioner's mother's neighbor testified that on the day of the burglary she saw petitioner and another person moving boxes from the mother's house to a parked car. (First MTD, Dkt. No. 9-1 at 4.) Petitioner's mother testified that she came home to find her window broken, and her television and vacuum cleaner missing. (*Id.*) These items were later found in petitioner's residence. (*Id.*) These facts clearly meet the requirements of the statute. In the face of such strong evidence, appellate counsel cannot have been deficient in failing to raise a claim of insufficient evidence, nor can such an alleged failure have resulted in prejudice. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984)). Because petitioner has not shown cause, the Court need not discuss whether he has shown prejudice. Furthermore, the above-cited evidence shows that petitioner's insufficiency of evidence claim lacks merits.

Petitioner also has not shown that a failure to review the merits of his claims would result in a fundamental miscarriage of justice. As noted above, there was strong evidence of his guilt. He has thus failed to show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623 (citing *Murray*, 477 U.S. at 496). His claim is procedurally defaulted and meritless.

ORDER OF DISMISSAL
CASE NO. 16-cv-02773-RS

6

## CONCLUSION

Respondent's motion to dismiss the petition (Docket No. 19) is GRANTED. The claim is procedurally defaulted. Consequently, the petition is DISMISSED. The claim, even if it were to be considered on the merits, would fail. The Clerk shall terminate Docket No. 19, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated:  January 10, 2018

_____
RICHARD SEEBORG
United States District Judge